**NAGOYA ASSOCIATES, INC.**

v.

**ESQUIRE, INC., Ziff-Davis Publishing Co., H M H Publishing Co., Inc.**

**Civ. A. No. 27549.**

United States District Court
E. D. Pennsylvania.

June 8, 1960.

Edward Greer, Folz, Bard, Kamsler, Goodis & Greenfield, Philadelphia, Pa., for plaintiff.

Wilbur H. Haines, Jr., Philadelphia, Pa., for defendant Esquire, Inc.

Aaron M. Fine, Dilworth, Paxson, Kalish, Kohn & Dilks, Philadelphia, Pa., for defendants, Ziff-Davis Pub. Co. and H M H Pub. Co. Inc.

EGAN, District Judge.

The plaintiff, a Pennsylvania corporation, has sued the publishers of three magazines for trade disparagement because of separate but identical advertisements of plaintiff's competitor published in the three magazines. Defendant "Esquire" is a Delaware corporation with its principal offices in New York and Illinois. Defendant Ziff-Davis is a Delaware corporation with its principal place of business in New York. Defendant H M H is an Illinois corporation with its principal place of business in Illinois.

The defendants have moved to set aside service of process and to dismiss for lack of jurisdiction.

Substituted service was made upon the defendants in accordance with § 1011, subd. B of the Pennsylvania Business Corporation Law, 15 P.S. § 2852–1011, subd. B, which provides that any foreign corporation "which shall have done any business in" Pennsylvania may be served by substitution "in any action arising out of acts or omissions of such corporation within" Pennsylvania.

Thus there are two prerequisites for such substituted service: (1) the foreign corporation must have done business in Pennsylvania; and (2) the action must arise out of acts or omissions of the foreign corporation within Pennsylvania.

It is our opinion that the original publications from which the plaintiff's cause of action arises took place outside of Pennsylvania. Accordingly, since this action does not arise out of acts or omissions of the defendants within Pennsylvania, the service must be set aside. Insull v. New York World-Telegram Corp., D.C.N.D.Ill., 172 F.Supp. 615, 632–634, affirmed, 7 Cir., 1959, 273 F.2d 166, 171; Pennsylvania Uniform Single Publication Act, 12 P.S. § 2090.1.